IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FMC TECHNOLOGIES, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-18-2459 |
| § | | |
| ONESUBSEA IP UK LIMITED, *et al.*, § | | |
| Defendants. § | | |

# **MEMORANDUM AND ORDER**

This patent infringement case is before the Court on the Motion for Summary Judgment of Non-Infringement ("Motion") [Doc. # 46] filed by Defendants OneSubsea LLC and Cameron International Corporation (collectively, "OneSubsea"). In the Motion, OneSubsea seeks summary judgment that its tender in connection with a significant project for a major oil company (the "Tender") is not, pursuant to 35 U.S.C. § 271(i), an "offer for sale" under 35 U.S.C. § 271(a).[1]  Plaintiff FMC Technologies, Inc. ("FMC") filed a Response [Doc. # 48], and OneSubsea filed a Reply [Doc. # 49]. The Court has carefully reviewed the record and the applicable legal authorities. Based on that review, the Court **grants** the Motion.

---

[1] In its Motion, OneSubsea seeks summary judgment only in connection with the Tender. None of FMC's other allegations that OneSubsea has infringed the '554 Patent are addressed in the Motion.

I.   **BACKGROUND**

FMC is the owner of United States Patent No. 6,715,554 ("the '554 Patent"), entitled "Slimbore Subsea Completion System and Method." On March 13, 2018, a major oil company provided a Request for Proposal ("RFP"). In response, OneSubsea submitted the Tender, which consists of over 1600 pages setting forth OneSubsea's plan for the oil company's project. FMC alleges that the Tender that OneSubsea submitted to the oil company constitutes infringement of the '554 Patent because it is an offer for sale of an infringing product.

OneSubsea argues that, pursuant to 35 U.S.C. § 271(i), the Tender is not an "offer for sale" for purposes of patent infringement under 35 U.S.C. § 271(a) because no sale under the terms of the Tender can occur before the '554 Patent expires on October 12, 2018. The Tender includes a schedule identifying January 1, 2019, as the earliest date for the contract to be awarded.[2] OneSubsea's Tender has not been accepted by the oil company, no contract has been awarded to OneSubsea, and no components on an allegedly infringing product have been delivered to the oil company by OneSubsea.

---

[2] Pursuant to the Tender, the first components of OneSubsea's product are not scheduled for delivery to the oil company until February 2020.

OneSubsea moved for summary judgment of non-infringement based on the § 271(i) limitation on the definition of "offer for sale" as used in § 271(a). The Motion has been fully briefed and is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at a trial on the merits." *SRAM Corp. v. AD-II Engineering, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006). Summary judgment on infringement/non-infringement is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Ultimatepointer, L.L.C. v. Nintendo Co., Ltd.*, 816 F.3d 816, 824 (Fed. Cir. 2016).

## III. ANALYSIS

Title 35, United States Code, § 271(a), provides that "whoever without authority makes, uses, ***offers to sell***, or sells any patented invention, within the United States . . . , infringes the patent." 35 U.S.C. § 271(a) (emphasis added); *see also Texas*

*Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1329 (Fed. Cir. 2018).  Notably, the term "offers to sell" is limited by § 271(i), which provides that an "offer to sell" includes only those offers "in which the sale will occur before the expiration of the term of the patent." *See* 35 U.S.C. § 271(i); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 (Fed. Cir. 2000); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998).  Therefore, the focus of § 271(i) is on the proposed time of an actual sale, not the period of time during which negotiations are conducted.  *See Quality Tubing, Inc. v. Precision Tube Holdings Corp.*, 75 F. Supp. 2d 613, 624 n.10 (S.D. Tex. 1999) (noting that the purpose behind section 271(i) is to allow offers to occur before the patent expires, so long as the competitor specifies that no actual sale will occur until after the patent expires).  This prevents the effective term of the patent from being extended by the amount of time required for competitors to "gear up" and prepare proposals for sales that are to occur after the expiration of the patent.  *See Lifting Tech., Inc. v. Dixon Indus., Inc.*, 1996 WL 653391, *3 (D. Mont. Aug. 27, 1996).  To allow negotiations to constitute an "offer to sell" would effectively block competitors from the marketplace "for the full life of the patent, *plus* the additional amount of time after expiration needed to implement a marketing program for the previously infringing article." *Id.* (emphasis

added). Section 271(i) was enacted to prevent the amendment to § 271(a) (to make an offer for sale an infringement) from having that unwanted effect. *Id.*

In this case, it is undisputed that the Tender submitted by OneSubsea provides for a Contract Award date of January 1, 2019. *See* Tender, Exh. 2 to Motion [Doc. # 46], p. 1416. Therefore, OneSubsea is offering to enter into a contract with the oil company ***at some time on or after January 1, 2019***, and the Tender provides that OneSubsea is willing to sell its product to the oil company thereafter. This contract date and any sales pursuant to the contract will not occur until after the expiration of the '554 Patent. Because OneSubsea is not offering to sell its product to the oil company before the expiration of FMC's patent, § 271(i) applies and there is no "offer to sell" under § 271(a).

FMC argues that the Tender includes a provision that it is valid and remains binding until Tuesday, March 29, 2019, and that the oil company can accept the Tender "at any time prior to the expiry of that date." *See* FMC Response, p. 2 (citing Tender, Exh. B, p. 8, § 1.2). This provision enables the oil company to accept the Tender submitted by OneSubsea, which includes the requirement for a contract award date of no earlier than January 1, 2019. The provision does not constitute an ***offer by OneSubsea to sell*** anything to the oil company before the expiration of the '554 Patent on October 12, 2018.

OneSubsea notes that the Tender provides that no components of its product will be delivered until February 2020.  FMC argues, correctly, that "a contract can constitute a sale to trigger infringement liability."  *See id.* at 9 (citing *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010)).  FMC deduces that a "sale" can take place before physical delivery of the allegedly infringing product.  FMC's argument regarding a contract operating as a sale before actual product delivery is misplaced under the circumstances presented in this case.  The Tender provides that the parties will enter into a contract on January 1, 2019, at the earliest.  Once the Tender is accepted by the oil company, further negotiations between OneSubsea and the oil company regarding material contract terms such as price and relevant deadlines must be completed in order to supply the negotiated contract terms into the Oil Company Work Order.  *See* Oil Company Form Work Order, Exh. 4 to Reply [Doc. # 49], ECF p. 17.  Until those negotiations are finalized, there is no contract for OneSubsea to sell its allegedly infringing product to the oil company.

The Court finds the Federal Circuit's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369 (Fed. Cir. 2016), instructive.  In that case, the parties negotiated in the United States for the sale of allegedly infringing products outside the United States.  At issue was whether these negotiations in the United States

constituted an offer to sell a patented invention "within the United States" as required by § 271(a). Although it was undisputed that the negotiations occurred in the United States, the Federal Circuit held that an "offer to sell, in order to be an infringement, must be an offer contemplating sale in the United States." 831 F.3d at 1380; *see also Transocean*, 617 F.3d at 1309 ("The focus should not be on the location of the offer, but rather the location of the future sale that would occur pursuant to the offer."). In this dispute between FMC and OneSubsea, the issue involves the term of the patent's validity rather than the location of the sale, but the analysis applies by analogy. OneSubsea submitted the Tender during the term of the '554 Patent proposing to make a sale of its product to the oil company only after the expiration of the '554 Patent. Consistent with the Federal Circuit's holdings in *Transocean* and *Halo*, and with the requirement of § 271(i), this Court holds that an offer to sell, in order to be an infringement, must be an offer contemplating that the sale will occur before the expiration of the term of the patent.

OneSubsea offered to sell its product to the oil company on or after January 1, 2019. Pursuant to § 271(i), an offer for a sale that will not occur "before the expiration of the term of the patent" does not constitute an "offer to sell" for purposes of § 271(a) infringement. OneSubsea is entitled to summary judgment on FMC's claim that the Tender infringes the '554 Patent.

## IV. CONCLUSION AND ORDER

OneSubsea's Tender is not an "offer for sale" under § 271(a), as limited by § 271(i).  As a result, OneSubsea is entitled to summary judgment that the Tender does not infringe the '554 Patent.  To that extent, it is hereby

**ORDERED** that OneSubSea's Motion for Summary Judgment [Doc. # 46] is **GRANTED**.

SIGNED at Houston, Texas, this **16th** day of **October, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE