United States District Court
Southern District of Texas
**ENTERED**
January 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FMC TECHNOLOGIES, INC.,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-18-2459 |
| ONESUBSEA IP UK LIMITED, *et al.*,<br>　　Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

This patent infringement case is before the Court on the Renewed Motion for Reconsideration of the Court's Order Granting Summary Judgment of Invalidity ("Motion") [Doc. # 147] filed by OneSubsea IP UK Limited and OneSubsea LLC (collectively, "OneSubsea"), to which FMC Technologies, Inc. ("FMC") filed a Response [Doc. # 148], and OneSubsea filed a Reply [Doc. # 153]. The Court has carefully reviewed the record and the applicable legal authorities. Based on that review, the Court **denies** the Motion.

## I.     BACKGROUND

OneSubsea IP UK Limited is the owner of United States Patent No. 9,945,202 ("the '202 Patent"). The patent application was filed March 27, 2017, and the '202 Patent was granted April 17, 2018.

FMC manufactures and sells versions of a vertical subsea well completion system that are designed to withstand higher pressures and temperatures found in more extreme and deeper water environments. The product is referred to as a High-Pressure High-Temperature Enhanced Vertical Deepwater Tree ("HPHT EVDT"). There is a version rated for up to 15,000 pounds per square inch of pressure ("15ksi") and up to 400 degrees Fahrenheit (the "15k/400F HPHT EVDT"). There is another version rated for up to 20,000 pounds per square inch of pressure ("20ksi") and up to 350 degrees Fahrenheit (the "20k/350F HPHT EVDT"). The two versions of the HPHT EVDT were developed together and are materially identical. FMC has presented evidence that the 15k/400F HPHT EVDT was completed before the 20k/350F version because it was needed for a Shell Offshore, Inc. ("Shell") project.

OneSubsea alleged that FMC infringed the claims of the '202 Patent through the HPHT EVDT system rated for 20ksi. *See* Amended Counterclaims [Doc. # 87], ¶ 17. OneSubsea alleged also that its claims were not limited to 20ksi systems. *See id.*, ¶ 18.

FMC filed a Motion for Summary Judgment of Invalidity. FMC argued that if OneSubsea's assertion that the 20k/350F HPHT EVDT is infringing were accepted as true, then the sale to Shell of the FMC 15k/400F HPHT EVDTs constituted a prior

sale that invalidated the '202 Patent under the "on-sale bar" in 35 U.S.C. § 102(a)(1).[1]

By Memorandum and Order [Doc. # 135] entered September 24, 2019, the Court granted FMC's Motion for Summary Judgment of Invalidity. The Court held that FMC had presented evidence that, before the March 2017 application date for the '202 Patent, FMC "had developed CAD designs that were sufficient in nature to allow its engineers to manufacture the device and sufficient to entice Shell to purchase 10 of the 15k/400F HPHT EVDTs." *Id.* at 17-18. The Court stated also that although FMC had "the burden of proving that the EVDTs sold to Shell met all the limitations of the claims in the '202 Patent, that burden is satisfied by OneSubsea's allegation in paragraph 17 of its Amended Counterclaims [Doc. # 87] that the materially identical accused device (the 20k/350F HPHT EVDT) infringes the '202 Patent." *Id.* at 14 n.9.

On October 21, 2019, OneSubsea filed a motion seeking reconsideration of the Court's ruling. *See* Sealed Motion for Reconsideration [Doc. # 138]. OneSubsea argued that FMC failed to present direct evidence of a complete design prior to the March 2017 filing date of the '202 Patent. OneSubsea noted specifically that FMC failed to submit the relevant CAD design, referred to as DM100197333 Rev 02 ("Rev 02 Schematic"). *See id.* at ECF p. 9. Although the Rev 02 Schematic was not

---

[1] Section 102(a)(1) provides that "[a] person shall be entitled to a patent *unless* – (1) the claimed invention was patented, described in a printed publication, or in public use, *on sale*, or otherwise available to the public before the effective filing date of the claimed invention[.]" 35 U.S.C. § 102(a)(1) (emphasis added).

attached as an exhibit to FMC's Motion for Summary Judgment, it was listed in Exhibit 11, the Shell Variation Order Request (VOR) Form signed by Shell and FMC in September 2015 (the "2015 VOR"). *See* Exh. 11 to Motion [Doc. # 107-10], at ECF p. 26.

On October 23, 2019, OneSubsea filed a Notice of Withdrawal of Motion for Reconsideration [Doc. # 140]. OneSubsea represented to the Court that FMC had recently produced a copy of the Rev 02 Schematic, and that it "provides direct evidence of facts established previously by inferences drawn against non-movant OneSubsea." *See id.* at 1. By Order [Doc. # 141] entered October 23, 2019, the Court accepted the Notice and ordered the October 21, 2019 Motion for Reconsideration [Doc. # 138] withdrawn.

On December 11, 2019, OneSubsea filed the pending Renewed Motion for Reconsideration [Doc. # 147]. OneSubsea argues that the Rev 02 Schematic recently produced by FMC could not have been shown to Shell in 2015. Specifically, OneSubsea challenges the validity of the 2014 dates on the Rev 02 Schematic because it has a footer containing an October 22, 2019 date, and because the Title Block includes the company logo of TechnipFMC, a company that did not exist until 2017. Based on the assertion that the Rev 02 Schematic has been "altered or fabricated," OneSubsea argues that FMC "has no *direct* evidence of what was offered in 2015,"

and again argues that the Court's prior ruling was "improperly based upon inferences adverse to the non-movant." *See* Motion, ECF p. 6 (emphasis in original). OneSubsea's Renewed Motion for Reconsideration has been fully briefed and is now ripe for decision.

## II. RULE 54(b) STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure allows a party to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time an order or other decision that does not end the case. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing FED. R. CIV. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id*. (internal quotation marks and citations omitted). Rule 54(b) motions are disfavored. *See PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

## III. ANALYSIS

### A. Summary Judgment Standard Applied

OneSubsea argues first that the Court applied an incorrect summary judgment standard by requiring OneSubsea to present evidence to contradict FMC's evidence. *See* Motion, ECF pp. 8-10. The law is clear in the Fifth Circuit, and was correctly

applied by the Court in its September 2019 Memorandum and Order, that fact disputes are resolved in favor of the non-movant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Although OneSubsea distinguishes factually certain cases that were cited by the Court, "the nonmoving party's burden is not affected by the type of case." *Id.*

Once FMC presented evidence relevant to the elements of § 102(a)(1)'s on-sale bar, the Court correctly required OneSubsea to present contradictory evidence to raise a genuine issue of material fact in order to avoid summary judgment. OneSubsea failed to satisfy this requirement.

### B. Direct Evidence -- The Rev 02 Schematic

OneSubsea argues also that the Court improperly based its summary judgment ruling on inferences adverse to the non-movant because there was "no direct evidence showing the subject of the 2015 VOR was (1) the accused tree design or (2) embodied all elements of the asserted claims." *See* Motion, ECF p. 10. OneSubsea argues this is true because the Rev 02 Schematic, "the only direct evidence of the tree design which was the subject of the [2015] VOR," was not included in the summary judgment record. *See id.* at ECF p. 11.

As noted above, OneSubsea has conceded that the Rev 02 Schematic, identified in the summary judgment record and now produced by FMC, supports the Court's ruling in this case. Indeed, based on its review of the Rev 02 Schematic, OneSubsea withdrew its prior Motion for Reconsideration. OneSubsea now asserts, however, that the Rev 02 Schematic produced by FMC was developed after 2017, possibly as late as October 2019. Therefore, the dispositive issue is whether the Rev 02 Schematic provided by FMC was in existence in 2014 as FMC claims or was, instead, produced after March 2017.

FMC has presented evidence that the Rev 02 Schematic is "accurate, correct, and unaltered . . .." *See* Declaration of Steve Joiner, Exh. I to Response, ¶ 5. The Rev 02 Schematic contains a "Drawn By" date of August 27, 2014, a "Design Review" date of October 14, 2014, and an "Approved By" date of October 14, 2014. *See id.*, ¶ 18.

OneSubsea notes first that the copy of the Rev 02 Schematic that FMC provided contains a footer reading "Published: 22-Oct-2019." FMC has presented uncontroverted evidence that the act of publishing a document such as the Rev 02 Schematic requires the "creation of a non-editable, pdf version of the document and storing the pdf version on the Engineering Web." *Id.*, ¶ 38. To obtain a pdf version of an older, non-current version of a schematic, the older version must first be

published "to the Engineering Web, thus creating an Adobe pdf copy of the outdated revision."[2] *Id.* ¶ 41. "A republished engineering drawing will be branded with a published date representing the date when it is converted from native format to Adobe pdf format." *Id.*, ¶ 42. Therefore, FMC's uncontroverted evidence establishes that the October 2019 footer reflects the date the Rev 02 Schematic was converted to Adobe pdf format for production to OneSubsea.

OneSubsea notes also that the Title Block on the Rev 02 Schematic contains the logo for TechnipFMC, a company that did not exist until early 2017. FMC has presented uncontested evidence that the logo in the Title Block is taken from a reference file that is used across all drawings, a file that is separate from the drawing files and is "updated independently of the drawings." *See id.*, ¶¶ 19-21. When a drawing, such as the Rev 02 Schematic, is opened, "whatever information currently stored in the reference file, such as the company logo and legal disclaimer, will be displayed on the drawing." *Id.*, ¶ 23. The FMC reference file was updated in January 2017 to contain the new "TechnipFMC" logo. *See id.*, ¶¶ 26-27. "These changes made to the reference files in 2017 did not change any of the underlying technical drawings . . .." *Id.*, ¶ 30. Opening a native CAD file, however, will cause the new

---

[2] The Rev 02 Schematic is an older version of FMC's technical drawing DM100197333. The most recent version is Rev H. *See* Joiner Declaration, ¶ 12.

information from the reference file to appear on that copy of the drawing. *See id.*, ¶ 34. If the reference file function is "turned off," the new information does not appear on the image. *See id.*, ¶¶ 31-32.

The uncontroverted evidence before the Court establishes that the Rev 02 Schematic is unaltered in a substantive manner. The computer-generated footer identifying the date the Adobe pdf was created, and the inclusion of the TechnipFMC logo in the Title Block have been fully explained, and neither supports OneSubsea's argument that the Rev 02 Schematic that FMC provided has been materially altered or fabricated. OneSubsea previously represented to the Court that the Rev 02 Schematic provides direct evidence to support the Court's September 2019 ruling, and the Court relied on that representation when it ordered the previous Motion for Reconsideration [Doc. # 138] withdrawn. Accordingly, the Court denies OneSubsea's pending Motion for Reconsideration that is based on the argument that FMC has not produced direct evidence to support the on-sale bar because the Rev 02 Schematic has been altered or fabricated.

## IV. CONCLUSION AND ORDER

FMC has presented uncontroverted evidence that the Rev 02 Schematic provided to OneSubsea was in existence well before the March 2017 filing of the application that resulted in issuance of the '202 Patent. OneSubsea has conceded that

the Rev 02 Schematic is direct evidence that supports the Court's prior ruling. As a result, it is hereby

**ORDERED** that OneSubSea's Motion for Reconsideration [Doc. # 147] is **DENIED**.

SIGNED at Houston, Texas, this **16th** day of **January, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE